O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 14-2067-DOC (RNBx)          Date: August 19, 2014

Title: PENNY PACE V. TIMOTHY QUINTANILLA, ET AL.

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING RENEWED MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL [46]**

       Before the Court is Movant EGMI Group's Renewed Motion for Appointment of Lead Plaintiff and Approval of its Choice of Counsel (Dkt. 46). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Having considered the written submissions, the Court hereby GRANTS the Motion in its entirety.

## I. BACKGROUND

       The following is a summary of the allegations contained in the Complaint (Dkt. 1):

       This is a putative securities class action brought on behalf of purchasers of the common stock of Electronic Game Card, Inc. ("EGMI") between April 5, 2007 and February 19, 2010, seeking remedies under the Securities Exchange Act of 1934. Compl. ¶ 1.

       Beginning on April 5, 2007, EGMI issued a materially false annual report for the fiscal year ending on December 31, 2006. Compl. ¶ 14. The report, issued on Form 10-KSB (the "10-KSB"), was false and misleading because EGMI violated Generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-2067-DOC (RNBx)                                          Date: August 19, 2014

Page 2

Accepted Accounting Principles by misrepresenting its assets and true financial condition in its financial statements. Compl. ¶ 14. Separate signed Sarbanes-Oxley Act of 2002 certifications were attached to the 10-KSB. Compl. ¶ 15.

Defendants are partners of the accounting firm, Mendoza Berger & Co., LLP ("M&B"). Compl. ¶¶ 6–11. M&B included its unqualified audit opinion in the 10-KSB, stating that M&B had conducted an audit of the financial statements and that the statements fairly presented, in all material respects, the financial position of EGMI. Compl. ¶ 19.

On March 24, 2009, EGMI issued another materially false annual report that contained another unqualified audit opinion by M&B. Compl. ¶¶ 20–22. EGMI also filed materially false and misleading quarterly reports to the SEC. Compl. ¶ 23.

On February 10, 2010, EGMI issued an announcement delaying a previously scheduled conference call, which was caused by the materialization of previously undisclosed fraud. Compl. ¶ 27. The announcement caused EGMI's stock to fall 15.8% on over 1.65 million shares traded that day. Compl. ¶ 28. On February 19, 2010, EGMI filed an announcement that its auditor, M&B, has withdrawn its audit opinions for the years ending on December 31, 2006, 2007, and 2008. Compl. ¶ 29. On the same day, the SEC issued an order temporarily halting any trading of EGMI's stock. Compl. ¶ 30.

Plaintiffs filed this action on January 4, 2013 in the United States District Court for the Southern District of New York. See generally Compl. On the same day, the Rosen Law Firm, P.A. issued a Private Securities Litigation Reform Act of 1995 ("PSLRA") early notice, advising potential class members of the pendency of the action and the option of class members to seek appointment as lead plaintiff. Decl. of Laurence Rosen ("Rosen Decl.") Ex. 1. EGMI Group ("Movant") filed a Motion for Appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA early notice. See Mot. to Appoint EGMI Group (Dkt. 10). While the Motion was pending, the United States District Court for the Southern District of New York granted Defendants' Motion to Transfer. See Order, September 23, 2013 (Dkt. 30).

Now, Movant has filed a Renewed Motion for Appointment of Lead Plaintiff and Lead Counsel. See Mot. (Dkt. 46).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-2067-DOC (RNBx)                                                    Date: August 19, 2014

Page 3

## II. DISCUSSION

### A. Local Rules 7-9 and 7-12

Pursuant to Local Rule 7-9, Defendants' opposition to this motion was due on Monday, August 18, 2014. As of this date, Defendants have filed no opposition. Local Rule 7-12 provides:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed as consent to the granting or denial of the motion, with the exception [of a motion pursuant to Federal Rule of Civil Procedure 56].

L.R. 7-12.

Therefore, Defendants' failure to file a timely opposition is an independent basis to grant the instant Motion. The Court nonetheless addresses the merits of the Motion below.

### B. Lead Plaintiff

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). Under the PSLRA, there is a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-2067-DOC (RNBx)                                                         Date: August 19, 2014

Page 4

### 1. Timely Filed Motion

Movant made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1; Mot. to Appoint EGMI Group (Dkt. 10). Each member attests that he or she has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Therefore, the first requirement is satisfied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2. Largest Financial Interest in the Action

The PSLRA does not specify how to calculate the "largest financial interest," but the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, No. C-06-07307, 2007 U.S. Dist. LEXIS 28406, at *13–4 (N.D. Cal. April 16, 2007). Movant suffered financial losses of $528,554.68 and is not aware of any other movants that have suffered greater losses in EGMI stock during the Class Period. *See* Rosen Decl. Ex. 3. In similar cases, district courts have found that small groups whose members have suffered substantial losses, such as Movant, are suitable lead plaintiffs. *See, e.g.*, *In re Nature's Sunshine Prods., Inc.*, 2006 U.S. Dist. LEXIS 57594 (D. Utah Aug. 16, 2006); *In re The First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Therefore, the second requirement is satisfied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. Requirements of Rule 23

Federal Rule of Civil Procedure 23(a) provides that a party may serve as a class representative if, among other conditions, its claims or defenses are typical, Fed. R. Civ. P. 23(a)(3), and it will fairly and adequately protect the interests of the class, Fed. R. Civ. P. 23(a)(4). At this stage, a prima facie showing is sufficient. *See Cavanaugh*, 306 F.3d at 730–31. Here, Movant has made a prima facie showing that its claims and defenses are typical and that it will fairly and adequately protect the interests of the class. *See* Mot. at 6–7. Therefore, the Court finds that the third and final requirement is satisfied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Accordingly, the Court finds that EGMI Group is an appropriate Lead Plaintiff for the class.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-2067-DOC (RNBx)                                        Date: August 19, 2014

Page 5

### C. Movant's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should disapprove the Lead Plaintiff's selection only when it is necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm as Lead Counsel. The Rosen Law Firm has spent significant time reviewing the documents in this action and is experienced in securities class actions. Mot. at 8; Rosen Decl. Ex. 4. Indeed, The Rosen Law Firm has appeared before this Court several times before, and the Court is confident that it has the necessary skill and knowledge to effectively prosecute this action. Therefore, the Court approves Movant's selection of The Rosen Law Firm as lead counsel.

### III. DISPOSITION

For the reasons explained above, the Court:

1. APPOINTS EGMI Group and its members as Lead Plaintiff of the class; and
2. APPROVES The Rosen Law Firm P.A. as Lead Counsel.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                      Initials of Deputy Clerk: jcb
CIVIL-GEN