John R. Armstrong, Calif. Bar No. 183912
jarmstrong@horwitzarmstrong.com
Matthew S. Henderson, Calif. Bar No. 274252
mhenderson@horwitzarmstrong.com
**HORWITZ + ARMSTRONG** **LLP**
26475 Rancho Parkway South
Lake Forest, CA 92630
Tel: (949) 540-6540/ Fax: (949) 540-6583
Counsel for Defendants

## U.S. District Court

## Central District of California, Southern Division

| | |
|---|---|
| PENNY PACE, Individually and on Behalf of All Others Similarly Situated , | Case No.: CV 14-2067-DOC (RNBx) |
| Plaintiff, | Before the Honorable David O. Carter |
| vs. | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| TIMOTHY QUINTANILLA, HENRY MENDOZA, BILL TORRES, JAMES FRANCIS BERGER, AND CINDY E. GONZALEZ, | |
| Defendants. | |

- 1 -

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants TIMOTHY QUINTANILLA, HENRY MENDOZA, BILL TORRES, JAMES FRANCIS BERGER, AND CINDY E. GONZALEZ (collectively, "Defendants") hereby answer Plaintiffs' First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "FAC"). All such responses are asserted as to plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other members of the purported class (collectively, "Plaintiffs"). To the extent not specifically admitted, each and every allegation in the FAC is denied.

1.    As Paragraph 1 does not contain any facts, answering Defendants assert that this dispute is styled as a class action which is presently awaiting hearing on a motion for class certification. To the extent not expressly admitted herein, Defendants deny each and every allegation in Paragraph 1.

2.    As Paragraph 2 does not contain any facts or legal theories, no response is required. Should it be determined that this paragraph does contain factual assertions requiring a response, answering Defendants deny each and every allegation in Paragraph 2.

3.    Answering Defendants that this legal dispute is styled as a class action which is presently awaiting hearing on a motion for class certification. To the extent not expressly admitted herein, Defendants deny each and every allegation in Paragraph 3.

4.    To the extent the allegations contained in paragraph 4 state legal conclusions, no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 4.

5.    Answering Defendants admit that EGC purported to design and manufacture electronic "scratch off" devices. Answering

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 5 in the FAC, and on that basis deny the allegations therein.

6.  To the extent the allegations contained in paragraph 6 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 6 in the FAC, and on that basis deny the allegations therein.  Answering Defendants are aware of a companion SEC enforcement action where defaults were taken against the principals of Electronic Game Card.

7.  To the extent the allegations contained in paragraph 7 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants admit that EGC filed for Chapter 7 bankruptcy.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 7 in the FAC, and on that basis deny the allegations therein.  Answering Defendants are aware of a companion SEC enforcement action where defaults were taken against the principals of Electronic Game Card.

8.  Answering Defendants admit that the SEC halted trading on Electronic Game Card stock as stated in the SEC's February 19, 2010 notice.  Answering Defendants lack knowledge or information sufficient to form a belief as to the appropriateness of the suspension, and on that basis deny the remaining allegations therein.

9.  Answering Defendants admit that Mendoza Berger & Co., LLP had withdrawn its audit reports as stated in Paragraph 9 therein.

10.  To the extent the allegations contained in paragraph 10

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

state legal conclusions, no response is required.   To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 in the FAC, and on that basis deny the allegations therein.

11.   To the extent the allegations contained in paragraph 11 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants admit that Electronic Game Card's financial records and filings speak for themselves. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 11 in the FAC, and on that basis deny the allegations therein.

12.   Upon information and belief, answering Defendants admit that the quoted passage is stated in EGC's securities filings. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the Board of Directors forensic review and on that basis deny the allegations therein.

13.   Upon information and belief, answering Defendants admit that the quoted passage is stated in EGC's securities filings. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the Board of Directors forensic review, and on that basis deny the allegations therein.

14.   Upon information and belief, answering Defendants admit that EGC announced that the Company's financial statements should no longer be relied upon in its securities filing on May 19, 2010.

15.   Answering Defendants lack knowledge or information sufficient to   form a belief as to the truth of the facts stated in

Paragraph 15 of the FAC, and on that basis deny the allegations therein.

16.   To the extent the allegations contained in paragraph 16 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 16 in the FAC, and on that basis deny the allegations therein.

17.   To the extent the allegations contained in paragraph 17 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants admit that the SEC filed a complaint against Defendant Quintanilla.   Answering Defendants deny each and every remaining allegation stated in Paragraph 17 in the FAC.

18.   Answering Defendants admit that the SEC filed a motion for summary judgment against Defendant Quintanilla.   Answering Defendants also admit that Defendant Quintanilla filed a cross-motion for summary judgment against the SEC.

## **JURISDICTION AND VENUE**

19.   To the extent the allegations in paragraph 19 state legal conclusions, no response is required.   To the extent a response is required, Defendants admit that Plaintiffs have alleged causes of action against Defendants under section 10(b) and 20(a) of the Exchange Act

20.   To the extent the allegations in paragraph 20 state legal conclusions, no response is required.   To the extent a response is required, Defendants consent to jurisdiction in this court.

21.   To the extent the allegations in paragraph 21 state legal

conclusions, no response is required.   To the extent a response is required, Defendants consent to venue in this court.

22.   To the extent the allegations in paragraph 22 state legal conclusions, no response is required.

## **PARTIES**

23.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 23 in the FAC, and on that basis deny the allegations therein.

24.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 24 in the FAC, and on that basis deny the allegations therein.

25.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 25 in the FAC, and on that basis deny the allegations therein.

26.   To the extent the allegations in paragraph 26 state legal conclusions, no response is required.   To the extent a response is required, Defendants admit that Defendant Quintanilla is a certified public accountant who resides in California.   Defendants admit that Defendant Quintanilla began working for Mendoza Berger in 2006 and was the engagement partner for the EGC account.   Defendants further admit that Advanced Nanotech, Inc. was another Mendoza Berger account that at one time was operated by Lee Cole and Linden Boyne. Defendants.   Answering Defendants deny each and every remaining allegation stated in Paragraph 26 in the FAC.

27.   Answering Defendants admit that Defendant Mendoza is a

certified public accountant who resides in California.    Answering Defendants further admit that Defendant Mendoza was a managing partner at Mendoza Berger in charge of the firm's operations. Answering Defendants further admit that there were other partners and agents at Mendoza Berger whose duties and responsibilities overlapped in management of the firm's business.

28.    Answering Defendants admit the facts stated in Paragraph 28 in the FAC appear to be true.

29.    Defendant Berger does not reside in California and therefore denies the fact asserted.    Answering Defendants admit the remaining facts stated in Paragraph 29 in the FAC appear to be true.

30.    Answering Defendants admit the facts stated in Paragraph 28 in the FAC appear to be true.

31.    Answering Defendants admit the facts stated in Paragraph 31 in the FAC.

32.    Answering Defendants admit that EGC held offices in Irvine, California and its business platform was the design and manufacture of electronic game devices.    Answering Defendants further admit that Electronic Game Card stock was traded under the ticker symbol "EGMI."    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 32 in the FAC.

33.    Upon information and belief, Answering Defendants admit that Boyne served in the capacities stated in Paragraph 33 in the FAC. Answering Defendants lack knowledge or information with respect to the dates stated in Paragraph 33 in the FAC, but acknowledge that the dates appear to be a correct approximation based upon various securities filings available with the SEC, which documents speak for

themselves

34.     Upon information and belief, Answering Defendants admit that Thomas Schiff served in such capacity as stated in Paragraph 34 in the FAC.   Answering Defendants lack knowledge or information with respect to the dates stated in Paragraph 34 in the FAC, but acknowledge that the dates appear to be a correct approximation based upon various securities filings available with the SEC, which documents speak for themselves.

35.     Upon information and belief, Answering Defendants admit that Lee Cole served as CEO of Electronic Game Card and was replaced by Kevin Donovan.   Upon information and belief, Lee Cole's role with the company is reflected in SEC filings, which documents speak for themselves.

36.     Upon information and belief, Answering Defendants admit that Kevin Donovan served as EGC's CEO.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 in the FAC, and on that basis deny the allegations therein.

37.     To the extent the allegations in paragraph 37 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 37 in the FAC, and on that basis deny the allegations therein.

38.     Answering Defendants admit that Mendoza Berger issued an audit report the contents of which speak for themselves.

39.     To the extent the allegations in paragraph 39 state legal conclusions, no response is required.   To the extent a response is

- 8 -

required, answering Defendants admit that Mendoza Berger pulled its audit opinions.  Answering Defendants deny each and every remaining allegation stated in Paragraph 39 in the FAC.

40.    To the extent the allegations in paragraph 40 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 40 in the FAC.

41.    To the extent the allegations in paragraph 41 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 41 in the FAC.

42.    Answering Defendants admit that Mendoza Berger issued audit reports for EGC's fiscal year 2006, 2007, and 2008.  Answering Defendants deny each and every remaining allegation stated in Paragraph 42 in the FAC.

43.    To the extent the allegations in paragraph 43 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 43 in the FAC.

44.    To the extent the allegations in paragraph 44 state legal conclusions, no response is required.

45.    To the extent the allegations in paragraph 45 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 45 in the FAC.

46.    Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.    To   the   extent   a   response   is   required,   answering

Defendants deny each and every allegation stated in Paragraph 45 in the FAC.

47.   To the extent the allegations in paragraph 47 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 47 in the FAC.

48.   To the extent this allegation suggests that Defendants did not properly conduct an audit, Answering Defendants deny each and every allegation stated in Paragraph 47 in the FAC.

49.   To the extent the allegations in paragraph 49 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 49 in the FAC.

50.   To the extent the allegations in paragraph 50 state legal conclusions, no response is required.

51.   To the extent the allegations in paragraph 51 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 51 in the FAC.

a.   Upon information and belief, Answering Defendants admit that EGC's financial records speak for themselves.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 51(a) in the FAC, and on that basis deny the allegations therein.

b.   To the extent the allegations in paragraph 51(b) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 51(b) in the FAC.

c.   Answering Defendants admit that they employed

- 10 -

various audit programs during the EGC audit.  Upon information and belief, answering Defendants deny that the 2006 audit opinion was released before receiving a Credit Suisse Bank Confirmation. Answering Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning the remaining allegations stated in Paragraph 51(c), and on that basis deny the allegations therein.

d.     Upon information and belief, Answering Defendants admit that EGC's financial records speak for themselves.  Answering Defendants deny each and every remaining allegation stated in Paragraph 51(d) in the FAC.

e.     To the extent the allegations in paragraph 51(e) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants upon information and belief admit that EGC's financial records speak for themselves.  Answering Defendants deny each and every remaining allegation stated in Paragraph 51(e) in the FAC.

f.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 51(f) in the FAC, and on that basis deny the allegations therein.

g.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 51(g) in the FAC, and on that basis deny the allegations therein.

h.     Upon information and belief, Answering Defendants admit that EGC's financial records speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations stated in Paragraph 51(h) in the FAC, and on that basis deny the allegations therein.

i.   Upon information and belief, Answering Defendants admit that EGC's financial records speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 51(i) in the FAC, and on that basis deny the allegations therein.

j.   Answering Defendants admit that they received Credit Suisse bank statements in Microsoft Word format after the audits were performed.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 51(j) in the FAC, and on that basis deny the allegations therein.

k.   To the extent the allegations in paragraph 51(k) state legal conclusions, no response is required.  Upon information and belief, Answering Defendants admit that EGC's financial records speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 51(k) in the FAC, and on that basis deny the allegations therein.

l.   Upon information and belief, answering Defendants admit the facts stated in Paragraph 51(l) in the FAC.

52.   Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

53.   Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

54.     Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

55.     To the extent the allegations in paragraph 55 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 55 in the FAC.

a.     Upon information and belief, answering Defendants admit that they routinely audit accounts receivables.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 55(a) in the FAC, and on that basis deny the allegations therein.

b.     To the extent the allegations in paragraph 55(b) state legal conclusions, no response is required.   Upon information and belief, answering Defendants admit that the documents speak for themselves.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 55(b) in the FAC, and on that basis deny the allegations therein.

c.     Upon information and belief, answering Defendants admit that the documents speak for themselves.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 55(c) in the FAC, and on that basis deny the allegations therein.

d.     Upon information and belief, answering Defendants admit that the documents speak for themselves.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 55(d) in the FAC, and on that basis deny the allegations therein.

e.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 55(e) in the FAC, and on that basis deny the allegations therein.

f.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 55(f) in the FAC, and on that basis deny the allegations therein.

56.    Upon information and belief, answering Defendants admit that EGC's securities filings speak for themselves.    Except as specifically admitted herein, Defendants deny each and every allegations in Paragraph 56.

57.    Upon information and belief, answering Defendants admit that EGC's securities filings speak for themselves.    Except as specifically admitted herein, Defendants deny each and every allegations in Paragraph 57.

58.    Upon information and belief, answering Defendants admit that EGC's securities filings speak for themselves.    Except as specifically admitted herein, Defendants deny each and every allegations in Paragraph 58.

59.    To the extent the allegations in paragraph 59 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 59 in the FAC.

a.    Upon information and belief, answering Defendants admit that EGC's securities filings speak for themselves.

b.    Upon information and belief, answering Defendants admit that EGC had unfiled tax returns.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of

the remaining allegations stated in Paragraph 59(b) in the FAC, and on that basis deny the allegations therein.

c. Upon information and belief, answering Defendants admit that Mendoza Berger learned that EGC had unfiled taxes in 2009. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 59(c) in the FAC, and on that basis deny the allegations therein.

d. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 59(d) in the FAC, and on that basis deny the allegations therein.

e. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 59(e) in the FAC, and on that basis deny the allegations therein.

f. To the extent the allegations in paragraph 59(f) state legal conclusions, no response is required. To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 59(f) in the FAC, and on that basis deny the allegations therein.

60. Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

61. To the extent the allegations in paragraph 61 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 61 in the FAC.

a.    To the extent the allegations in paragraph 61(a) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 61(a) in the FAC.

b.    Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

c.    To the extent the allegations in paragraph 61(c) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 61(c) in the FAC.

62.    Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.

63.    To the extent the allegations in paragraph 63 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 63 in the FAC.

a.    To the extent the allegations in paragraph 63(a) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 63(a) in the FAC.

b.    To the extent the allegations in paragraph 63(b) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 63(b) in the FAC.

c.    To the extent the allegations in paragraph 63(c) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants admit that Defendant Berger was the

concurring partner on the EGC audits.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 63(c) in the FAC, and on that basis deny the allegations therein.

64.   To the extent the allegations in paragraph 64 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 64 in the FAC.

a.   To the extent the allegations in paragraph 64(a) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 64(a) in the FAC.

b.   To the extent the allegations in paragraph 64(b) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 64(b) in the FAC.

c.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 64(c) in the FAC, and on that basis deny the allegations therein.

d.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 64(d) in the FAC, and on that basis deny the allegations therein.

65.   To the extent the allegations in paragraph 65 reference a separate civil action conducted by the SEC, answering Defendants deny each and every allegation stated in Paragraph 65 in the FAC.

a.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in

Paragraph 65(a) in the FAC, and on that basis deny the allegations therein.

b.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 65(b) in the FAC, and on that basis deny the allegations therein.

66.    To the extent the allegations in paragraph 66 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 66 in the FAC.

67.    To the extent the allegations in paragraph 67 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 67 in the FAC.

68.    To the extent the allegations in paragraph 68 state legal conclusions, no response is required.   To the extent a response is required, Defendants admit that Mendoza Berger became aware of irregularities in the audit confirmation of an EGC bank account and subsequently withdrew its audit opinions.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 68 in the FAC, and on that basis deny the allegations therein.

69.    To the extent the allegations in paragraph 69 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 69 in the FAC.

70.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in

Paragraph 70 in the FAC, and on that basis deny the allegations therein.

71.    Upon information and belief, answering Defendants admit that EGC's securities filings speak for themselves.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 71 in the FAC, and on that basis deny the allegations therein.

72.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 72 in the FAC, and on that basis deny the allegations therein.

73.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 73 in the FAC, and on that basis deny the allegations therein.

74.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 74 in the FAC, and on that basis deny the allegations therein.

75.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 75 in the FAC, and on that basis deny the allegations therein.

76.    Answering Defendants admit that the SEC halted trading on Electronic Game Card stock as stated in the SEC's February 19, 2010 notice.    Answering Defendants lack knowledge or information sufficient to form a belief as to the appropriateness of the suspension, and on that basis deny the remaining allegations therein.

77.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 77 in the FAC, and on that basis deny the allegations therein.

78.    Answering Defendants admit that Mendoza Berger pulled its audit opinions and the securities filings speak for themselves.

79.    Answering Defendants admit that the securities filings speak for themselves.    Except as expressly admitted herein, Defendants deny the allegations in Paragraph 79.

80.    Answering Defendants admit that the documents speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 80.

81.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 81 in the FAC, and on that basis deny the allegations therein.

82.    Answering Defendants admit that the documents speak for themselves.  Except as expressly admitted herein, Defendants deny the allegations in Paragraph 82.

83.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 83 in the FAC, and on that basis deny the allegations therein.

84.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 84 in the FAC, and on that basis deny the allegations therein.

85.    Upon information and belief, answering Defendants admit

that the documents speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 85 in the FAC, and on that basis deny the allegations therein.

86.   Upon information and belief, answering Defendants admit that the documents speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 86 in the FAC, and on that basis deny the allegations therein.

87.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 87 in the FAC, and on that basis deny the allegations therein.

88.   Upon information and belief, answering Defendants admit that the documents speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 88 in the FAC, and on that basis deny the allegations therein.

89.   Upon information and belief, answering Defendants admit that the securities filings speak for themselves.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 89 in the FAC, and on that basis deny the allegations therein.

90.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 90 in the FAC, and on that basis deny the allegations therein.

91.   Upon information and belief, answering Defendants admit

that Electronic Game Card is not presently operating.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 91 in the FAC, and on that basis deny the allegations therein.

92.   Answering Defendants admit that the SEC filed a complaint against Defendant Quintanilla.   Answering Defendants deny each and every remaining allegation stated in Paragraph 92 in the FAC.

93.   Answering Defendants deny each and every remaining allegation stated in Paragraph 93 in the FAC.

94.   Answering Defendants assert that this paragraph sets forth Plaintiffs' characterizations and legal conclusions to which no response is required.   To the extent that this Paragraph contains factual assertions requiring a response, answering Defendants admit on information and belief that Plaintiffs bring this class action under Federal Rule of Civil Procedure 23.   Except as specifically admitted herein, answering Defendants deny each and every allegation in Paragraph 94.

95.   To the extent the allegations in paragraph 95 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 95 in the FAC.

96.   To the extent the allegations in paragraph 96 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 96 in the FAC.

97.   To the extent the allegations in paragraph 97 state legal conclusions, no response is required.   To the extent a response is

required, answering Defendants deny each and every allegation stated in Paragraph 97 in the FAC.

98.   To the extent the allegations in paragraph 98 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 98 in the FAC.

99.   To the extent the allegations in paragraph 99 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99 in the FAC.

a.   To the extent the allegations in paragraph 99(a) state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99(a) in the FAC.

b.   To the extent the allegations in paragraph 99(b) state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99(b) in the FAC.

c.   To the extent the allegations in paragraph 99(c) state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99(c) in the FAC.

d.   To the extent the allegations in paragraph 99(d) state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99(d) in the FAC.

e.   To the extent the allegations in paragraph 99(e) state legal conclusions, no response is required.   To the extent a response is

required, answering Defendants deny each and every allegation stated in Paragraph 99(e) in the FAC.

       f.    To the extent the allegations in paragraph 99(f) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 99(f) in the FAC.

    100.  To the extent the allegations in paragraph 100 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 100 in the FAC.

    101.  To the extent the allegations in paragraph 101 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 101 in the FAC.

       a.    To the extent the allegations in paragraph 101(a) state legal conclusions, no response is required.  To the extent a response is required, answering Defendants admit upon information and belief that EGC stock was traded on the NASDAQ bulletin board. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 101(a) in the FAC, and on that basis deny the allegations therein.

       b.    Upon information and belief, answering Defendants admit the facts stated in Paragraph 101(b).

       c.    Answering Defendants admit that the documents speak for themselves.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 101(c) in the FAC, and on that basis

deny the allegations therein.

d.     To the extent the allegations in paragraph 101(d) state legal conclusions, no response is required.   To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations stated in Paragraph 101(d) in the FAC, and on that basis deny the allegations therein.

e.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 101(e) in the FAC, and on that basis deny the allegations therein.

f.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 101(f) in the FAC, and on that basis deny the allegations therein.

g.     To the extent the allegations in paragraph 101(g) state legal conclusions, no response is required.   To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 101(g) in the FAC, and on that basis deny the allegations therein.

h.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 101(h) in the FAC, and on that basis deny the allegations therein.

102.  To the extent the allegations in paragraph 102 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated

in Paragraph 102 in the FAC.

103.  Answering Defendants repeat and reallege their responses to Paragraphs 1-102 as if fully set forth herein.

104.  To the extent the allegations in paragraph 104 state legal conclusions, no response is required.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 104 in the FAC.

105.  To the extent the allegations in paragraph 105 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 105 in the FAC.

106.  To the extent the allegations in paragraph 106 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 106 in the FAC.

107.  To the extent the allegations in paragraph 107 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 107 in the FAC.

108.  To the extent the allegations in paragraph 108 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action

was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 108 in the FAC.

109.  To the extent the allegations in paragraph 109 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 109 in the FAC.

110.  To the extent the allegations in paragraph 110 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 110 in the FAC.

111.  To the extent the allegations in paragraph 111 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 111 in the FAC.

112.  To the extent the allegations in paragraph 112 state legal conclusions, no response is required.   As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.   To the extent a response is required, answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 112 in the FAC, and on that basis deny the allegations

therein.

113. To the extent the allegations in paragraph 113 state legal conclusions, no response is required.  As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 113 in the FAC.

114. To the extent the allegations in paragraph 114 state legal conclusions, no response is required.  As to the non-Quintanilla Defendants, no response is required because the First Cause of Action was dismissed as to those Defendants.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 114 in the FAC.

115. Answering Defendants repeat and reallege their responses to Paragraphs 1-114 as if fully set forth herein.

116. To the extent the allegations in paragraph 116 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 116 in the FAC.

117. To the extent the allegations in paragraph 117 state legal conclusions, no response is required.  Answering Defendants admit that they were involved in the operations of Mendoza Berger. Answering Defendants deny each and every remaining allegation stated in Paragraph 117 in the FAC.

118. To the extent the allegations in paragraph 118 state legal conclusions, no response is required.  To the extent a response is required, answering Defendants deny each and every allegation stated in Paragraph 118 in the FAC.

## PRAYER FOR RELIEF

119.  The relief sought by Plaintiffs do not contain allegations of fact or law that require a response from the answering Defendants. However, Defendants deny that the relief sought against them is appropriate or available.

## JURY DEMAND

120.  Answering Defendants request a jury trial.

## AFFIRMATIVE DEFENSES

Answering Defendants assert the following affirmative defenses without assuming the burden of proof, persuasion, or going forward as to any such defenses or issues that would otherwise rest on Plaintiffs. Defendants reserve their right to amend their pleadings, and to assert additional or different defenses, based upon information or evidence developed in discovery or otherwise. Each of the following Affirmative Defenses are raised in Answer to each of Plaintiffs' unverified claims alleged in their Complaint.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

1.    The claims stated in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (Laches)

2.    The claims and damages stated in Plaintiffs' Complaint are barred under the doctrine of Laches based on the Plaintiffs' unreasonable delay in bringing its claims against Defendants, which has materially prejudiced Defendants' ability to locate relevant documents and witnesses material to their defense.

## THIRD AFFIRMATIVE DEFENSE
## (Mistake of Fact)

3.     At all times, Defendants were performing under a set of facts as they believed them to be true, but which may ultimately be proven untrue, with the benefit of hindsight.

## FOURTH AFFIRMATIVE DEFENSE
## (Intervening Cause)

4.     Defendants assert that the damages sought in Plaintiffs' Complaint are the result of an intervening cause that should limit or preclude Plaintiff's remedies as against the Defendants, including, but not limited to the misrepresentations of facts and circumstances by third parties.

## FIFTH AFFIRMATIVE DEFENSE
## (Good Faith)

5.     Plaintiff's claims are barred, in whole or in part, because Defendants alleged to be control persons under Section 20(a) acted in good faith, complied with applicable laws and regulations, and did not directly or indirectly induce the act or acts constituting the alleged violations.

## SIXTH AFFIRMATIVE DEFENSE
## (Lack of Scienter)

6.     Defendants' alleged acts or omissions were not made with the requisite state of mind required to support liability under Section 10(b) or 20(a) of the Exchange Act.

## SEVENTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

7. Defendants are informed and believe, and thereon allege that Plaintiffs' claims are barred by the applicable statute of limitations,

including, but not limited, each individual's plaintiff's failure to file suit within two years of discovery of its cause of action as required under by Title 28 U.S.C. § 1658, *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.     Under the doctrine of unclean hands, Plaintiff should be barred from recovering by failing to act in good faith and violating equitable principles in asserting its claims against Defendants without sufficient justification.

## NINTH AFFIRMATIVE DEFENSE
### (No Materiality)

9.     If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, then Defendants deny that such statements were material or otherwise legally actionable.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver)

10.     Plaintiffs have waived their right to seek the requested relief due to their own acts and/or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

11.     Plaintiffs failed to undertake a prompt and reasonable investigation of EGC's business and financial condition, and such a prompt and reasonable investigation would have prevented damages, if any.   Plaintiffs, by reason of their knowledge, statements, conduct, approval, authorization, and/or ratification are estopped from recovery herein.

## TWELTH AFFIRMATIVE DEFENSE
### (No Reliance)

12.   If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, then Defendants deny that such statements were reasonably relied upon by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

13.   The Complaint should be barred in part or in whole because of Plaintiffs failure to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

14.   Plaintiffs' claims are barred in whole or in part by the doctrines of *in pari delicto*.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Efficient Market)

15.   Plaintiffs' cannot satisfy the requirements for certification of the putative class.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Inefficiency of Class Action Procedure)

16.   Because plaintiffs brought their Complaint well after the limitations period had run from the date of the Mendoza Berger's firm last audit report, which the Mendoza Berger firm voluntarily took down after conducting its own fraud investigation. Because of such delay, each plaintiff will have to establish what or he or she knew and when she knew regarding their investment to overcome the statute of limitations bar, which is a specific and independent fact inquiry that does not lend itself to class certification because of the lack of

- 32 -

commonality and efficiency.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Causation)

17. As a separate affirmative defense to the Complaint, Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

18. Plaintiffs' should not recover on its claims because they assumed the inherent risks involved and thereby waived any claims arising therefrom.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

19. As a separate affirmative defense to the Complaint, Defendants allege that Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the purported facts alleged in the Complaint upon which they assert liability against Defendants. Thus, the actual and proximate cause of the damage to Plaintiffs, if any, is the result of Plaintiffs' negligence and their failure to exercise reasonable care.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Join)

20. As a separate affirmative defense to the Complaint, Plaintiff has failed to name or join an indispensable party or parties to this action who may be responsible in part or in whole for damages alleged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Control Person Liability)

21.     As a separate affirmative defense to the Complaint, Plaintiffs' claims for "control person" liability are barred because Plaintiffs cannot establish the primary liability necessary to support such claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Due Diligence)

22.     As a separate affirmative defense to the Complaint, Defendants conducted themselves with due diligence in the accuracy of their statements of all material facts, and conversely, Plaintiffs and each of them failed to act with reasonable, due diligence regarding the events that serve as the foundation of their claims against Defendants and each of them.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Duty)

23.     As a separate affirmative defense to the Complaint, Plaintiffs are not entitled to any recover from Defendants because Defendants were under no duty to revise, update, and/or correct any previously make statements challenged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

24.     Defendants and each of them at all times at issue conducted themselves in an objectively reasonable, good faith manner, and did not knowingly or intentionally engage in conduct that would reasonable harm Plaintiffs or any of them. Moreover, none of the non-controlling defendants induced any of the acts or omissions for which Plaintiffs allege liability against the controlling Defendants for.

**REQUEST FOR JUDGMENT FOR DEFENDANTS**

a) That the Complaint be dismissed in its entirety with prejudice;

b) That judgment be entered in Defendants' favor on their affirmative defenses;

c) That Defendants be awarded their costs and expenses, and reasonable attorney's fees that may be recovered by law; and;

d) That this Court grant Defendants such other and further relief as may be just and proper.

Respectfully submitted,

**HORWITZ + ARMSTRONG** LLP

Dated:  April 10, 2015          /s/ Matthew S. Henderson

John R. Armstrong,
Matthew S. Henderson,
Counsel for Defendants

**PROOF OF SERVICE**

I, Matthew Henderson, am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is HORWITZ + ARMSTRONG, LLP, 26475 Rancho Parkway South, Lake Forest, CA 92630.

On April 10, 2015 I served the within **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** on the following parties in this action:

John R. Armstrong – jarmstrong@horwitzarmstrong.com;

Philip Kim – pkim@rosenlegal.com;

Laurence M. Rosen – lrosen@rosenlegal.com;

Timothy William Brown – timbrown108@gmail.com;

Jonathan Stern – jstern@rosenlegal.com

Paul Evan Greenwald – pegreenwald@ghlaw.us

[XX] **(BY NOTICE OF ELECTRONIC FILING)**   Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

[XX] (Federal) I declare that I am employed by a member of the Bar of this Court, at whose direction the service was made.

Executed on April 10, 2015 at Lake Forest, California.

  /s/ Matthew Henderson
*Matthew Henderson, Declarant*

1