O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PENNY PACE,<br><br>      Plaintiff,<br><br>vs.<br><br>TIMOTHY QUINTANILLA; HENRY MENDOZA; BILL TORRES; JAMES FRANCIS BERGER; and CINDY E. GONZALEZ,<br><br>      Defendants. | Case No.: CV 14-2067 DOC(RNBx)<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION [76]** |

Before the Court is Plaintiffs' Motion for Class Certification ("Mot.") (Dkt. 76).

**I. Background**

This lawsuit is a putative securities fraud class action brought by Plaintiffs George Zuzulock, William Weakley, and Penny Pace against Defendants Timothy Quintanilla, Henry Mendoza, Bill Torres, James Francis Berger, and Cindy E. Gonzalez. Plaintiffs are purchasers of common stock of Electronic Game Card, Inc. ("EGC") between March 26, 2008 and February 19, 2010. First Amended Compl. ("FAC") (Dkt. 64) ¶ 3. Defendants were accountants and partners in Mendoza Berger & Co., LLP ("M&B"), a now-defunct firm that once served as EGC's outside auditor. *Id.* ¶¶ 4, 31. Plaintiffs allege that M&B issued audit reports in 2008 and 2009 that contained misleading information about EGC's financial position. M&B allegedly failed to audit EGC's financial statements according to the standards of the Public Company Accounting Oversight Board (PCAOB) and generally accepted auditing standards (GAAS).

M&B also allegedly failed to present financial statements in conformity with general accepted accounting principles (GAAP). *Id.* ¶¶ 41, 43, 66-67, 110.

Plaintiffs originally filed this lawsuit in the Southern District of New York on January 4, 2013. Compl. (Dkt. 1). The case was transferred to the Central District of California on March 19, 2014 (Dkt. 32). Plaintiffs filed the operative complaint, the First Amended Complaint, on October 14, 2014 (Dkt. 64). Following the Court's February 13, 2015 Order Granting in Part and Denying in Part Motion to Dismiss ("Order") (Dkt. 75), Plaintiffs' remaining claims are (1) violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act, against Defendant Quintanilla; and (2) control person liability under Section 20(a) of the Securities Exchange Act, against all Defendants.

The Lead Plaintiffs filed the instant Motion on March 2, 2015 (Dkt. 76). Defendants filed their opposition on June 1 (Dkt. 82). Plaintiffs filed a reply on June 22 (Dkt. 84). Oral argument was heard on July 21 (Dkt. 87).

**II. Legal Standard**

Courts may certify a class action only if it satisfies all four requirements identified in Federal Rule of Civil Procedure 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Rule 23(a) requires Plaintiffs to show the following: (1) the class is so "numerous" that joinder of all members individually is impracticable; (2) there are questions of law or fact "common" to the class; (3) the claims or defenses of the class representatives are "typical" of the claims or defenses of the class; and (4) the person representing the class is able to fairly and "adequately" protect the interests of all class members. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. Conoco Phillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).

In addition, the class must satisfy one of the three subdivisions of Rule 23(b). *Id.* Here, Plaintiffs seeks to certify a class under Rule 23(b)(3). Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions, and that class resolution be superior to other available methods of resolution. Fed. R. Civ. P. 23(b)(3).

1    "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 31
2  S. Ct. 2541, 2551 (2011). A party seeking class certification must affirmatively demonstrate
3  compliance with Rule 23—that is, the party must be prepared to prove that there are *in fact*
4  sufficiently numerous parties and common questions of law or fact. *Id.*

5    In resolving a class certification motion, it is inevitable that the Court will touch on the
6  merits of a plaintiff's claims. *See Wal-Mart*, 131 S. Ct. at 2551-52 ("The class determination
7  generally involves considerations that are enmeshed in the factual and legal issues comprising
8  the plaintiff's causes of action.") (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156
9  (1982)). But, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the
10 certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 131 S. Ct. 1184, 1194-95
11 (2013). Accordingly, any merits consideration must be limited to those issues necessary to
12 deciding class certification. *See id.* at 1195 ("Merits questions may be considered to the extent—
13 but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites
14 for class certification are satisfied.").

15  **III.   Discussion**

16  Plaintiffs seek to certify the following class:

17
18
19
20
21
22
23
> All persons or entities that purchased or otherwise acquired the publicly traded common stock Electronic Game Card, Inc. ("EGC") between March 26, 2008 and February 19, 2010, inclusive, and who held such shares on or after February 10, 2010. Excluded from the Class are the current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns; also excluded from the Class are Defendants and the current and former partners of M&B, members of their immediate families and their legal representatives, heirs, successors or assigns; also excluded is any entity in which any of the above excluded persons or entities have or had a controlling interest.

24 Mot. at 1.

25  **A. Requirements of Rule 23(a)**

26  **1. Numerosity**

27  A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ.
28 P. 23(a)(1). Defendants do not dispute that the proposed class satisfies the numerosity

requirement. In addition, the Court finds that the proposed class, numbering in the hundreds, satisfies the numerosity requirement, which is presumptively satisfied when there are at least forty members. *See Avilez v. Pinkerton Gov't Servs.*, 286 F.R.D. 450, 456 (C.D. Cal. 2012). Therefore, the Court finds that Rule 23(a)(1) is satisfied.

### 2. Commonality

Rule 23(a)(2) requires courts to perform a "rigorous analysis" to determine whether "there are questions of law or fact common to the class," but "even a single common question will do." *See Wal-Mart*, 131 S. Ct. at 2551, 2556 (citations and quotations omitted); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Certification is appropriate where the legality of a particular policy presents a "significant question of law" that is "apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assoc.*, 731 F.3d 952, 963 (9th Cir. 2013) (citing *Wal-Mart*, 131 S. Ct. at 2551).

Defendants do not dispute that common questions of fact and law exist in this case. The Court agrees with Plaintiffs that these common questions include (1) whether Defendants violated federal securities laws; (2) whether Defendants made statements to investors during the Class Period that misrepresented or omitted material information about the compliance of M&B's audits of EGC with PCAOB standards and EGC's financial statements with GAAP; (3) whether Defendants made the misrepresentations and omissions with scienter; and (4) the proper measure of damages. Mot. at 7. Therefore, the Court finds that Rule 23(a)(2) is satisfied.

### 3. Typicality and Adequacy

A class representative's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Courts assess typicality by determining whether the class representatives and the rest of the putative class have similar injuries and conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). A class representative must also be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining adequacy, courts resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs

and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Defendants do not contest the typicality and adequacy of the named plaintiffs or their counsel. Having reviewed the record, the Court is also satisfied that the typicality and adequacy elements are met.

### B. Requirements of Rule 23(b)(3)

#### 1. Predominance

"Rule 23(b)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Rule 23(b) requires that courts "take a 'close look' at whether common questions predominate over individual ones." *Id.* Here, Defendants argue that the predominance requirement is not met because (1) Plaintiffs have not shown that the market for EGC common stock was efficient for purposes of the fraud-on-the-market theory; and (2) individualized inquiry is necessary to determine whether each class member's claims are time-barred. The Court addresses each argument in turn.

#### a. Fraud-on-the-Market Theory

The fraud-on-the-market issue presented in this Motion is identical to the issue presented in the motion for class certification in the related case, *Petrie v. Elec. Game Card, Inc.*, Case No. 10-0252-DOC (RNBx). For the reasons stated in the Court's class certification order in *Petrie*, the Court finds that Plaintiffs have met their burden of proving that they are entitled to the fraud-on-the-market presumption.

#### b. Statute of Limitations

Defendants argue that individual questions predominate over common ones because the fact finder must determine on an individualized basis whether each class member's securities fraud claims are barred by the two-year statute of limitations, 28 U.S.C. § 1658(b)(1). The Court disagrees.

The possibility of individual questions regarding statute of limitations is not fatal to class certification when there is a sufficient nucleus of common questions. *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975) ("The existence of a statute of limitations issue does not

compel a finding that individual issues predominate over common ones."); *see also Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 478 (9th Cir. 1976) (same); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000) ("Although a necessity for individualized statute-of-limitations determinations invariably weighs against class certification under Rule 23(b)(3), we reject any per se rule that treats the presence of such issues as an automatic disqualifier."); *Joint Equity Comm. of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 281 F.R.D. 422, 436 (C.D. Cal. 2012). *But see Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998). This is particularly so when the issues surrounding the statute of limitations defense are susceptible to common proof. *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 163 (3d Cir. 2002) (finding that common questions predominated over individualized questions where plaintiffs' theory of tolling was focused on defendants' concealment of information, not on the putative class members' actions); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 486 (C.D. Cal. 2012) (holding that defendant's statute of limitations defense did not raise sufficient individual inquiries to defeat class certification where plaintiffs' arguments to rebut the defense raised common questions of law and fact).

Here, as discussed in the Court's February 13, 2015 Order, the 2-year statute of limitations period for securities fraud begins to run when the plaintiff actually discovers or when a hypothetical plaintiff who was reasonably diligent in investigating the facts would have discovered the facts constituting the violation, "whichever comes first." *Merck & Co. v. Reynolds*, 559 U.S. 633, 652-53 (2010).

Defendants contend that individualized inquiry is necessary to determine "what each plaintiff knew and when he or she knew it" and to determine the reasonableness of each plaintiff's delay in investigating M&B's potential scienter. Opp'n at 18.

The second part of Defendants' argument is easily dispensed with. Under *Merck*, it is not necessary to adjudicate the reasonableness of each plaintiff's efforts to investigate potential fraud because the key is when the "hypothetical reasonably diligent plaintiff" would have discovered the necessary facts. It is irrelevant whether the actual plaintiff undertook a

reasonably diligent investigation. *Merck*, 559 U.S. at 652-53. Since the "hypothetical reasonably diligent plaintiff" standard would apply to all of the putative class members' claims, it actually raises a common question of fact and law.

In contrast, when each class member actually discovered the necessary facts requires more of an individualized inquiry. Theoretically, each class member could have actually discovered that M&B acted with scienter at a different time, as each class member theoretically could have had access to different sources of information other than public announcements from the SEC, EGC, or M&B, which were available to all class members. However, the definition of the class excludes directors and officers of EGC and M&B, their immediate family members, legal representatives, heirs, successors, and assigns—the persons most likely to have inside information about scienter. The mere possibility that someone in the class, as defined, learned something earlier than other class members does not compel the Court to find that individual statute-of-limitation issues predominate over the many common questions in this action. *Cameron*, 547 F.2d at 478; *Williams*, 529 F.2d at 1388.

### c. Conclusion

Accordingly, the Court finds that the Rule 23(b) predominance requirement is met.

### 2. Superiority

Class certification is appropriate only if class resolution is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) lays out four non-exhaustive factors for courts to take into consideration:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Defendants have not raised any issues related to these four factors other than those raised above related to predominance. Generally, "[i]f united by a common core of facts, and a presumption of reliance on an efficient market, class actions are the superior way to litigate a case alleging violations of securities fraud." *Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 563, 575 (C.D. Cal. 2012). Here, there is a common core of facts. Since Plaintiffs prevail on the fraud-on-the-market theory, the Court finds the superiority requirement met.

**IV. Disposition**

For the reasons discussed above, the Court GRANTS Plaintiffs' Motion for Class Certification.

DATED: July 31, 2015

_____
  DAVID O. CARTER
UNITED STATES DISTRICT JUDGE